**SKAPIK LAW GROUP**
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiff JASON RIVERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON RIVERA,<br><br>      Plaintiff,<br><br>   vs.<br><br>CITY OF BELL; OFFICER MARROQUIN #248, an individual; OFFICER ORTIZ #1052, an individual; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Fourth Amendment – Unlawful Detention/Wrongful Arrest)<br>2. 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)<br>3. Negligence<br>4. Assault<br>5. Battery<br>6. Intentional Infliction of Emotional Distress<br>7. False Arrest/Imprisonment<br>8. Cal. Civil Code § 52.1 (Bane Act)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiff JASON RIVERA, an individual, for his complaint against Defendants CITY OF BELL, OFFICER MARROQUIN, and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a confrontation between Plaintiff, OFFICER MARROQUIN #248, OFFICER ORTIZ #1052, and DOES 1-10, inclusive. MARROQUIN, ORTIZ, and DOES 1-10, inclusive, are each members of the City of Bell Police Department, which is owned and operated by Defendant CITY OF BELL.

## PARTIES

3. At all times relevant, Plaintiff JASON RIVERA ("Plaintiff") was an individual residing in the County of Los Angeles, California.

4. At all times relevant, Defendant OFFICER MARROQUIN #248 ("MARROQUIN"), is and was a police officer at the City of Bell Police Department, which is owned and operated by Defendant CITY OF BELL ("CITY"). At all times relevant, MARROQUIN was acting under color of state law and was an agent and/or employee of Defendant CITY.

5. At all times relevant, Defendant OFFICER ORTIZ #1052 ("ORTIZ") is and was a police officer at the City of Bell Police Department, which is owned and operated by Defendant CITY OF BELL. At all times relevant, ORTIZ was acting under color of state law and was an agent and/or employee of Defendant CITY. Defendants MARROQUIN and ORTIZ are hereinafter referred to collectively as the "OFFICER DEFENDANTS."

6. At all times relevant, Defendant CITY OF BELL ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times relevant, the CITY was the employer of the OFFICER

- 2 -
COMPLAINT

DEFENDANTS and DOES 1-10, inclusive, who were various CITY police officers, managerial officers, supervisorial officers, and/or policymaking employees of the CITY's police department. ON information and belief, at the all times relevant, the OFFICER DEFENDANTS and DOES 1-10, inclusive, were residents of the County of Los Angeles. The OFFICER DEFENDANTS and DOES 1-10, inclusive, are each sued in their individual capacities for damages only.

7.     At all times relevant, the OFFICER DEFENDANTS and DOES 1-10, inclusive, were duly authorized employees and agents of the CITY, who were acting under color of law and within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

8.     At all times relevant, the OFFICER DEFENDANTS and DOES 1-10, inclusive, were duly appointed police officers and/or employees and/or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials.

9.     In doing the acts and failing and omitting to act as hereinafter described, the OFFICER DEFENDANTS and DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the CITY.

10.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, training, conduct, and employment of each and every other CITY defendant.

11.     The true names and identities of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

///

///

COMPLAINT

**JURISDICTION AND VENUE**

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrence giving rise to this action occurred in the County of Los Angeles, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 12 of this complaint with the same force and effect as though fully set forth herein.

15. On February 22, 2025, Plaintiff was driving to his friend's house in the City of Bell. As Plaintiff approached his friend's home, he turned onto an alley located between Gifford Ave. and Gage Ave. in the City of Bell. As Plaintiff made the turn, he noticed at least one City of Bell police car behind him, which had just activated its lights.

16. Plaintiff is informed and believes that he had violated no traffic laws when he was stopped by the City of Bell police officers.

17. The car following Plaintiff contained Defendants ORTIZ and MARROQUIN, who conducted the stop of Plaintiff without any reasonable suspicion or probable cause. At the time of the stop, Plaintiff had not committed any crime, the OFFICER DEFENDANTS had not observed any criminal activity, and there was no reasonable suspicion or probably cause to stop Plaintiff. However, the OFFICER DEFENDANTS, for some reason, escalated the situation from the beginning by immediately approaching Plaintiff's vehicle with guns drawn

18. Plaintiff complied with the OFFICER DEFENDANTS and stopped his vehicle. The OFFICER DEFENDANTS approached Plaintiff's car, and there was a brief exchange between the OFFICER DEFENDANTS and Plaintiff had originally put down

all four of his windows when he was stopped, but rolled up the back two windows of his vehicles as the OFFICER DEFENDANTS approached the front two windows.

19. The OFFICER DEFENDANTS continued to escalate the situation, yelling at Plaintiff while pointing their guns at him. The OFFICER DEFENDANTS then reached into Plaintiff's vehicle and forcibly pulled him from the vehicle.

20. The OFFICER DEFENDANTS, and each of them, forcibly pulled Plaintiff from the vehicle and threw him to the ground. MARROQUIN first pulled Plaintiff from the vehicle, and then ORTIZ body slammed Plaintiff onto the ground, causing Plaintiff to strike his head on the asphalt and suffer a traumatic brain injury.

21. Plaintiff, who was not resisting the OFFICER DEFENDANTS in any way, was then subjected to further excessive force by the OFFICER DEFENDANTS. While Plaintiff was prone and not resisting, the OFFICER DEFENDANTS continued to beat and punch Plaintiff, striking him multiple times in the head, ribs, and torso, causing significant injuries.

22. Plaintiff was then unlawfully arrested by the OFFICER DEFENDANTS. On information and belief, Plaintiff was taken to the City of Bell Police Station, where he was subjected to an unlawful interrogation by MARROQUIN, who repeatedly attempted to intimidate Plaintiff in order to obtain an unlawful confession of criminal wrongdoing from Plaintiff. Officer MARROQUIN repeatedly berated and threatened Plaintiff while Plaintiff was held in the OFFICER DEFENDANTS' custody, intentionally attempting to intimidate and violate Plaintiff's rights.

23. Plaintiff was held until approximately 5:00 a.m. the following morning, when he was released from custody.

24. As a result of the unreasonable and excessive force used against Plaintiff by the OFFICER DEFENDNATS, Plaintiff has suffered PTSD, nerve pain, symptoms of a traumatic brain injury, sleeplessness, panic attacks, and pain, suffering, and emotional distress.

///

25. Plaintiff presented his government claim form against the CITY for the injuries he suffered due to the acts and omissions of the OFFICER DEFENDANTS on August 5, 2025. The CITY rejected Plaintiff's claim on September 18, 2025.

## I.

## FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 (Fourth Amendment – Unlawful Detention/Wrongful Arrest)**

(By Plaintiff against the OFFICER DEFENDANTS and DOES 1-10, inclusive)

26. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this complaint with the same force and effect as though fully set forth herein.

27. The unjustified arrest and detention of Plaintiff by the OFFICER DEFENDANTS and DOES 1-10, inclusive, absent any reasonable suspicion or probable cause, deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. Plaintiff had not committed any criminal act in the presence of the OFFICER DEFENDANTS and DOES 1-10, inclusive, nor had he acted in a way that a reasonable officer could believe would immediately precede a criminal act.

29. As such, based on those facts alone, there was no reasonable suspicion to detain Plaintiff at the time of the incident.

30. Upon arriving on the scene, the OFFICER DEFENDANTS and DOES 1-10, inclusive, immediately escalated the situation by pulling Plaintiff over for no reason and approaching him with guns drawn, effectively executing a high-risk stop without any probable cause or reasonable suspicion, and effecting a *de facto* arrest of Plaintiff.

31. The acts and omissions of the OFFICER DEFENDANTS and DOES 1-10, inclusive, as described herein, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by subjecting Plaintiff to an unreasonable and warrantless search and seizure.

32. The OFFICER DEFENDANTS and DOES 1-10, inclusive, detained Plaintiff without reasonable suspicion and arrested him without probable cause.

33. In detaining Plaintiff without reasonable suspicion and arresting him without probable cause, the OFFICER DEFENDANTS and DOES 1-10, inclusive, acted intentionally and under color of state law.

34. As a result of the acts and omissions of the OFFICER DEFENDANTS and DOES 1-10, inclusive, Plaintiff suffered physical injuries, severe emotional distress, extreme pain and suffering, and loss of enjoyment of life.

35. The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, which therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS and DOES 1-10, inclusive.

36. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## II.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)

(By Plaintiff against the OFFICER DEFENDANTS and DOES 1-10, inclusive)

37. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 36 of this complaint with the same force and effect as though fully set forth herein.

38. The use of unjustified and excessive force against Plaintiff by the OFFICER DEFENDANTS and DOES 1-10, inclusive, deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. The OFFICER DEFENDANTS and DOES 1-10, inclusive, used excessive and unreasonable force against Plaintiff when they, and each of them, forcefully pulled Plaintiff from his car, body slammed Plaintiff to the ground, and repeatedly beat him while he was not resisting and lying on the ground. The OFFICER

DEFENDANTS and DOES 1-10, inclusive, used this excessive and unreasonable force against Plaintiff despite the fact that Plaintiff was not resisting, was not a threat to anyone, and had committed no criminal act in their presence.

39.    The unreasonable uses of force against Plaintiff by the OFFICER DEFENDANTS and DOES 1-10, inclusive, deprived Plaintiff of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.    Specifically, MARROQUIN used excessive and unreasonable force against Plaintiff when he approached his vehicle with his weapon drawn, forcibly pulled Plaintiff from the vehicle, threw Plaintiff to the ground, and beat Plaintiff by striking him multiple times in the head, face, ribs, and torso with a closed fist and/or baton.

41.    Specifically, ORTIZ used excessive and unreasonable force against Plaintiff when he when he approached his vehicle with his weapon drawn, forcibly pulled Plaintiff from the vehicle, threw Plaintiff to the ground, and beat Plaintiff by striking him multiple times in the head, face, ribs, and torso with a closed fist and/or baton.

42.    At all times relevant, MARROQUIN knew that the force being used by ORTIZ was unreasonable and excessive, and failed to intervene in the unreasonable use of force by ORTIZ, despite having a reasonable opportunity to do so.

43.    At all times relevant, ORTIZ knew that the force being used by MARROQUIN was unreasonable and excessive, and failed to intervene in the unreasonable use of force by MARROQUIN, despite having a reasonable opportunity to do so.

44.    As a result of the excessive and unreasonable force used by the OFFICER DEFENDANTS and DOES 1-10, inclusive, Plaintiff suffered physical injury, including, but not limited to, a traumatic brain injury, injuries to his head, face, torso, and ribs, serious pain and suffering, severe emotional distress, and loss of enjoyment of life.

///

45. As a result of the conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these constitutional violations.

46. The use of excessive force in this instance was unreasonable under the circumstances because it was done without any reasonable suspicion or probable cause to detain or arrest Plaintiff, thereby depriving Plaintiff of his Fourth Amendment right to be free from unreasonable seizures. Plaintiff had not committed any criminal activity, was not resisting, and was not a threat to anyone, including the OFFICER DEFENDANTS and DOES 1-10, inclusive.

47. In using excessive and unreasonable force against Plaintiff, the OFFICER DEFENDANTS and DOES 1-10, inclusive, acted under color of state law.

48. The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the OFFICER DEFENDANTS and DOES 1-10, inclusive.

49. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## III.

## THIRD CLAIM FOR RELIEF

### Negligence

(By Plaintiff against All Defendants)

50. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this complaint with the same force and effect as though fully set forth herein.

51. The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

    a. The failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff;

    b. The negligent tactics and handling of the situation with Plaintiff, including the pre-beating negligence;

    c. The negligent detention and use of force against Plaintiff;

    d. The breach of duty by the OFFICER DEFENDANTS and DOES 1-10, inclusive, to only use reasonable force against Plaintiff under the circumstances.

52. As a direct and proximate result of the defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering, emotional distress, mental anguish, and general damages.

53. The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## IV.

## FOURTH CLAIM FOR RELIEF

### Assault

(By Plaintiff against All Defendants)

54. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 of this complaint with the same force and effect as though fully set forth herein.

55. On February 22, 2025, the OFFICER DEFENDANTS and DOES 1-10, inclusive, threatened to cause harmful and offensive contact with Plaintiff.

56. Plaintiff did not consent to the conduct of the conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive.

57. In fact, the OFFICER DEFENDANTS and DOES 1-10, inclusive, forcibly pulled Plaintiff from his car, body slammed him to the ground, and proceeded to beat him

///

-10-
COMPLAINT

with fists and/or batons, striking his head, face, ribs, and torso, causing catastrophic injuries.

58.    The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was a substantial factor in causing Plaintiff's harm.

59.    The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

60.    The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### V.

### <u>FIFTH CLAIM FOR RELIEF</u>

**Battery**

(By Plaintiff against All Defendants)

61.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 60 of this complaint with the same force and effect as though fully set forth herein.

62.    The OFFICER DEFENDANTS and DOES 1-10, inclusive, while working as police officers for the CITY's police department, and acting within the course and scope of their duties and under color of state law, intentionally battered Plaintiff when they forcibly removed him from his vehicle, body slammed him to the ground, and proceed to beat him by striking him in the head, face, torso, and ribs with closed fists and/or batons. As a result of the actions of the OFFICER DEFENDANTS and DOES 1-10, inclusive, Plaintiff suffered serious injuries, pain and suffering, and severe emotional distress. The OFFICER DEFENDANTS and DOES 1-10, inclusive, had no legal justification for using any force at all against Plaintiff under the circumstances; therefore

the force that the OFFICER DEFENDANTS and DOES 1-10, inclusive, did use against Plaintiff was unreasonable and excessive.

63.    As a direct and proximate result of the conduct alleged above, Plaintiff suffered extreme and severe pain and suffering, intense mental anguish, and has been injured in mind and body. Plaintiff has suffered significant injuries, including a traumatic brain injury, as a result of the conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive.

64.    The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65.    The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages against the OFFICER DEFENDANTS and DOES 1-10, inclusive.

## VI.

## <u>SIXTH CLAIM FOR RELIEF</u>

### Intentional Infliction of Emotional Distress

(By Plaintiff against All Defendants)

66.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 65 of this complaint with the same force and effect as though fully set forth herein.

67.    On February 22, 2025, the OFFICER DEFENDANTS and DOES 1-10, inclusive, used excessive and unreasonable force against Plaintiff while conducting an unlawful arrest against him, as described above. The detention and arrest of Plaintiff were made without reasonable suspicion and probable cause, respectively, and the force used upon Plaintiff was objectively unreasonable under the circumstances.

68.     Plaintiff was not engaged in any criminal activity and was not a threat to anyone at the time of the use of force against him. Plaintiff was not resisting and therefore there was absolutely no justification for the significant use of force against him by the OFFICER DEFENDANTS and DOES 1-10, inclusive.

69.     Thus, the use of force against Plaintiff, who had committed no crime and who was not a threat to any other person and not resisting, was extreme and outrageous conduct by the OFFICER DEFENDANTS and DOES 1-10, inclusive. Such behavior would shock the conscious of a reasonable person.

70.     The OFFICER DEFENDANTS and DOES 1-10, inclusive, acted intentionally and with reckless disregard that Plaintiff would suffer severe emotional distress from the wrongful detention and outrageous and excessive force used against him.

71.     As an actual and proximate result of the conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, Plaintiff suffered and continues to suffer from severe emotional distress in the form of fear, anxiety, paranoia, panic attacks, and sleeplessness.

72.     The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive, and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

73.     The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///
///
///
///

- 13 -
COMPLAINT

## VII.

## SEVENTH CLAIM FOR RELIEF

### False Arrest/Imprisonment

(By Plaintiff against All Defendants)

74.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 73 of this complaint with the same force and effect as though fully set forth herein.

75.    On February 22, 2025, Plaintiff was arrested by the OFFICER DEFENDANTS and DOES 1-10, inclusive.

76.    Plaintiff was arrested without any reasonable suspicion or probable cause, and none of the OFFICER DEFENDANTS and DOES 1-10, inclusive, observed Plaintiff commit any criminal act.

77.    Plaintiff was harmed by the unlawful arrest by the OFFICER DEFENDANTS and DOES 1-10, inclusive, and continues to suffer physical, mental, and emotional injuries, pain and suffering, and economic and non-economic damages as a result of the unlawful arrest.

78.    Plaintiff's damages were caused directly by his false arrest and imprisonment by the OFFICER DEFENDANTS and DOES 1-10, inclusive.

79.    The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

///

///

///

COMPLAINT

# VIII.

## <u>EIGHTH CLAIM FOR RELIEF</u>

### Cal. Civil Code § 52.1 (Bane Act)

(By Plaintiff against All Defendants)

80. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 79 of this complaint with the same force and effect as though fully set forth herein.

81. On February 22, 2025, the OFFICER DEFENDANTS and DOES 1-10, inclusive, used unlawful and excessive force against Plaintiff to arrest him. The arrest was made without any reasonable suspicion or probable cause. These actions by the OFFICER DEFENDANTS and DOES 1-10, inclusive, deprived Plaintiff of his Fourth Amendment rights.

82. The actions of the OFFICER DEFENDANTS and DOES 1-10, inclusive, caused injuries to Plaintiff.

83. The OFFICER DEFENDANTS and DOES 1-10, inclusive, interfered with Plaintiff's Fourth Amendment rights to be free from unconstitutional searches and seizures by means of threats to Plaintiff's person and intimidation by means of beginning the interaction with guns drawn and subsequently escalating the situation despite the fact that Plaintiff was completely compliant.

84. Moreover, MARROQUIN violated Plaintiff's constitutional rights be repeatedly threatening him and attempting to intimidate him while Plaintiff was in custody. MARROQUIN repeatedly threatened and demeaned Plaintiff verbally while interrogating Plaintiff, which was a violation of Plaintiff's constitutional rights.

85. The conduct of the OFFICER DEFENDANTS and DOES 1-10, inclusive, was intentional, despicable, malicious, and oppressive and done with a willful, wanton, and conscious disregard for Plaintiff's rights.

86. The CITY is vicariously liable for the wrongful acts of the OFFICER DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code

§ 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87. Plaintiff seeks statutory fees and reasonable attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests an entry of judgment in his favor and against Defendants CITY OF BELL, OFFICER MARROQUIN #248, OFFICER ORTIZ #1052, and DOES 1-10, inclusive, as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For general and special damages;

3. For exemplary and punitive damages against the individual defendants in an amount to be proven at trial;

4. For statutory damages pursuant to California Civil Code § 52(b)(3);

5. For interest;

6. For reasonable costs of this suit and attorneys' fees; and

7. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: March 10, 2026                    By:    */s/ Matthew T. Falkenstein*
                                                 Mark J. Skapik
                                                 Geralyn L. Skapik
                                                 Blair J. Berkley
                                                 Matthew T. Falkenstein
                                                 Attorneys for Plaintiff
                                                 JASON RIVERA

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

SKAPIK LAW GROUP

Dated: March 10, 2026                  By:    /s/ Matthew T. Falkenstein
                                               Mark J. Skapik
                                               Geralyn L. Skapik
                                               Blair J. Berkley
                                               Matthew T. Falkenstein
                                               Attorneys for Plaintiff
                                               JASON RIVERA

-17-
COMPLAINT